BEFORE THE THIRD DIVISION, APRIL 19, 1965

No. 69254.—J. M. Sutton & Sons Co. *v.* United States, protest 63/7913 (New York).

DONLON, Judge: With this protest the collector filed Form 504, in which he stated that evidence of authority of the attorneys who filed the protest was not on file in his office. However, the Assistant Attorney General, by letter to the court, dated August 19, 1964, has stated the following with respect to such authority:

This office has no reason to believe that Siegel, Mandell and Davidson, Esquires, did not have full and proper authority in fact from the importer to file the instant protest, notwithstanding an apparent failure to affirm that authority in writing, or that they do not have such authority to pursue the protest to its final determination. Since we do not have any basis for alleging actual lack of authority at any point in the proceedings, and since we do not regard section 17.2 of the Customs Regulations as depriving this Court of jurisdiction over a protest under such circumstances we urge the Court to approve the stipulation as submitted by counsel.

We deem this an abandonment of the collector's issue as to lack of authority. It should also be noted that the jurisdiction of this court is conferred by Congress and not by customs regulations.

The following stipulation has been approved by the court:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A" and checked RS (Examiner's initials) by Examiner Rubin Sokoloff (Examiner's name) on the invoices covered by the protest enumerated above and assessed with duty at 45 per centum ad valorem under paragraph 212, Tariff Act of 1930, as modified, consist of wall plaques similar in all material respects to the merchandise the subject of *Ross Products Inc.* v. *United States,* C.D. 2106, wherein the merchandise was held dutiable as entireties with the accompanying metal frames under the provisions of paragraph 397 of the Tariff Act of 1930, as modified, as manufactures of metal.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2106 be incorporated and made a part of the record in the protest enumerated above and that said protest be deemed submitted on this stipulation, the protest being limited to the items marked with the letter "A", as aforesaid.

Counsel for defendant now raises the issue that the protest herein runs only to classification of the plates that, with the wire frames, constitute the tariff entirety, described as plaques in the incorporated case. Defendant argues, from that premise, that notwithstanding the fact that the plates and wire frames are plaques, as stipulated, similar in all material respects to those which, in *Ross Products, Inc.* v. *United States, supra,* were held to be wall plaques and dutiable, plates and wire frames together, as entireties under paragraph 397, that this protest may be sustained so as to direct reliquidation only at the rate of 22½ percent on the value of the plates, not on the wire frames.

Generous as this argument is, we deem it specious, both on the facts and the law. The issue here has been considerably confused by the erroneous report of the collector as to how the merchandise was assessed. He reported assessment as iron household utensils, at 20 percent, under paragraph 339. If this were the fact, then such assessment would, of course, be for an amount less than the assessment which the law permits, and hence there could be no refund. The collector's report is now conceded by defense counsel to have been erroneous. Assessment was at 45 percent (under paragraph 212) on the value of the plates, and at 20 percent (under paragraph 339) on the value of their metal frames.

The protest states the issue which plaintiff raised, as follows:

Protest is hereby made against your decision assessing duty at 45% under paragraph 212 or other rate or rates, on Plaques, * * *. The reasons for objections, under the Tariff Act of 1930, supplemental Reciprocal Trade Agreements and Public Laws, are that such merchandise is dutiable as entireties with wire frames at 20% under par. 339 as amended, or at 22½% under par. 397 as amended.

Defense counsel stated its position as to this protest, in the letter of August 19, 1964, to the court, above mentioned, as follows:

* * * Even though the cited test case held such merchandise to be properly classifiable as an *entirety* under paragraph 397, only the item specifically protested here, viz. the plate or plaque, may be properly liquidated in conformity with that decision, we contend. Defendant is quite willing that such a reliquidation take place in conformity with a final judgment of this Court approving the proffered stipulation. [Italics quoted.]

This appears to be a concession by defense counsel that the value of the plates should be assessed at 22½ percent, under paragraph 397, while assessment on the value of the metal frames must stand at only 20 percent.

We do not so read the protest. Claim is made that the plaques (and not merely the plates) are properly dutiable as *entireties with the wire frames*. They have been stipulated to be such entireties. It is, in our opinion, both unnecessary and unlawful to permit plaintiff to have the benefit, for which defendant argues, of a lower duty rate on part of the value of such entireties. No part of the entireties is lawfully dutiable at 20 percent. The entire value is dutiable at 22½ percent. That was the decision in *Ross Products, Inc.* v. *United States, supra.* We hold that dutiable status of these plaques is as entireties; that the issue of their status is raised in the protest; and that the duty rate is 22½ percent on the value of such entireties.

The protest is sustained as to the items marked "A" and with the initials of Examiner Rubin Sokoloff on the entry invoice. Judgment will be entered accordingly.